UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DEMARCUS T. YOUNG,

       Plaintiff,                Case No. 2:20-cv-15

v.                                   Honorable Paul L. Maloney

UNKNOWN ROBBINS,

       Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's due process claim against Defendant Robbins for failure to state a claim.

## Discussion

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.

The events about which he complains occurred at that facility. Plaintiff sues URF Correctional Officer Unknown Robbins.

Plaintiff alleges that he was assigned to the small-yard crew at URF on September 1, 2019, where he reported to Defendant Robbins. Plaintiff was scheduled to start at 6:00 a.m. and finish at 2:00 p.m. However, Defendant Robbins instructed Plaintiff to show up at 8:00 a.m. and threatened a misconduct charge if Plaintiff showed up at 6:00 a.m.

On October 24, 2019, Defendant Robbins informed Plaintiff that he needed to stop missing work to attend his law-library call-outs. Plaintiff responded that he had tried to schedule non-conflicting hours, that he only received four hours of library time each week, and that he had three lawsuits pending, so he needed to take his library time whenever it was scheduled. Defendant Robbins responded that he needed Plaintiff at work and that, if Plaintiff chose law library instead, Robbins would fire him. In response, Plaintiff threatened to file a grievance, advising Robbins that he needed the job because he had no other source of income to cover his hygiene products, legal supplies, and litigation costs. Defendant Robbins responded that, if Plaintiff filed a grievance against him, Robbins would "show you how far that would get you." (Compl., ECF No. 1, PageID.3.) At the end of this conversation, Defendant Robbins wrote a negative work evaluation on Plaintiff, which resulted in Plaintiff being placed on a 30-day conditional employment status. Plaintiff alleges that the discipline will go into his prisoner file and could affect his chances of parole.

On October 31, 2019, Plaintiff again was scheduled for law library during his work hours. Plaintiff went to his library call-out. Because Plaintiff did not report to work as ordered, Defendant Robbins fired Plaintiff from his job and wrote a second negative work report. Plaintiff subsequently tried to explain to Defendant Robbins where he was. Robbins acknowledged

knowing that Plaintiff was in the law library but asked if Plaintiff had not understood Robbins' earlier instructions. Plaintiff told Defendant Robbins that he needed the job, but Robbins responded that he should have thought about the job before he went to the library.

Plaintiff wrote a grievance against Defendant Robbins the same day. Respondent Robbins saw Plaintiff in the chow hall and confronted him, saying, "Young[,] I thought we had an agreement? But you had to write a grievance on me. You know what I do to People who write grievances on me? . . . I send them to the f**king hole." (*Id.*, PageID.4.)

When Plaintiff was reviewed on his grievance, Sergeant Blemke told Plaintiff that Robbins' actions were not appropriate, that Plaintiff would be placed back on his job, and that the second bad work report would be removed from his file. However, Blemke informed Plaintiff that his 30-day conditional duty, imposed after the first bad work report, would continue. Plaintiff attempted to argue the point, but Sergeant Blemke asked if Plaintiff wanted his job and told Plaintiff to quit complaining.

After he was placed back on the work schedule, Defendant Robbins told Plaintiff, "You may have won your little grievance, but I don't care what Sgt. Blemke told you, I'll have the final say[.] If you go over my head again or write another grievance I will send you to the hole and who do you think he will believe then?" (*Id.*, PageID.5.) Plaintiff claims that, after the threat, he was afraid not to report to work, and he has not written another grievance out of fear of retaliation.

On November 26, 2019, as Plaintiff was receiving his food tray in the chow hall, Defendant Robbins asked where Plaintiff had been the preceding day. Plaintiff responded that he had checked in, just like everyone else. Defendant Robbins said that he had not personally checked Plaintiff in. Plaintiff told Robbins that he had checked in with the clerk. Robbins responded,

3

> [W]ell I did not check you in[.] [Y]ou know what that mean? . . . I told you I will have the final say[.] [W]ho do you think he will believe? . . . I do what I want, you do what the h**l you are told. . . . [Y]ou['re] fired. [N]ow you can get out of my face.

(*Id.*, PageID.5-6.)

Plaintiff contends that he was fired from his prison job without due process and in retaliation for the exercise of his First Amendment rights. He seeks compensatory and punitive damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Due Process

Plaintiff claims that he was wrongfully terminated from his prison job without due process. The Sixth Circuit consistently has found that prisoners have no constitutionally protected liberty interest in prison employment under the Fourteenth Amendment. *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same). Moreover, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter*, 69 F. App'x at 680 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991), and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)). Under these authorities, Plaintiff fails to state a due process claim arising from the termination of his prison employment.

## IV. Retaliation

Plaintiff alleges that Defendant Robbins deprived him of his prison employment in retaliation for his exercise of his First Amendment right to file a prison grievance. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). On initial review, the Court concludes that Plaintiff's allegations against Defendant Robbins are sufficient to support a retaliation claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's due process claim against Defendant Robbins will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's retaliation claim against Defendant Robbins remains in the case.

An order consistent with this opinion will be entered.

Dated:   March 16, 2020                                          /s/ Paul L. Maloney
                                                                                           Paul L. Maloney
                                                                                           United States District Judge